IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| JOEY MADISON, | § <br> § <br> § <br> § |
| Plaintiff, | § <br> § |
| | § CIVIL ACTION NO. G-04-400 |
| v. | § <br> § |
| ENI PETROLEUM CO., INC., | § <br> § <br> § |
| Defendant. | § <br> § |

## ORDER GRANTING ALFORD SERVICES, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND MOTION TO DISMISS FOR IMPROPER VENUE

On June 30, 2005, Third-Party Defendant Alford Services, Inc. ("Alford") filed its Motion to Dismiss for Lack of Personal Jurisdiction and Motion to Dismiss for Improper Venue, or, in the Alternative, Motion to Transfer Venue. According to L.R. 7.3, opposed motions will be submitted to the judge 20 days from filing. The Local Rules clearly state that if a response has not been filed by the submission day, this will be taken as a representation of no opposition. *See* L.R. 7.4. The submission day for this Motion was July 20, 2005. Alford filed a two-page affidavit as a supplement to its Motion on July 8, 2005. Even if this date is used to calculate the submission day, the response was due by July 28, 2005.

Danos and Curole Marine Services, Inc., ("Danos"), the Third-Party Plaintiff, filed a one-paragraph Motion to Continue, which contained no explanation of the need for a continuance, on August 1, 2005, three business days after the later of the response deadlines. While the Court

1

regularly grants motions to extend the response time for good cause when parties file such motions in a timely manner, the Court does not grant such motions when they are filed after the submission day with no explanation for the delay or for the need for extra time to respond to the original motion.

Danos's counsel has been practicing before this Court for at least 15 years, and he should know the Local Rules as well as anyone who comes before this Court. Additionally, the Parties involved are sophisticated corporate entities, not naive individual plaintiffs who are unfamiliar with the demands of litigation. The failure to respond to Alford's Motion to Dismiss–an obviously significant Motion–by the submission day is completely inexcusable in these circumstances. Neither Danos nor any other Party can expect the Court to bend the rules and allow the willy-nilly filing of responses and other important documents as it suits the whim of the Parties and their counsel. The Court does its best to rule on motions in a timely manner so as to reduce the expense and inconvenience of the Parties, but the Parties must reciprocate by following the Local Rules, which are neither lengthy nor complex. Failure to respond shows a decided lack of professionalism, courtesy, and proper attention to the client's interests that is absolutely unacceptable in this Court.

Therefore, in accordance with L.R. 7.4, the Court considers the Motion unopposed, and Alford's Motion to Dismiss is hereby **GRANTED**. Danos's claims against Alford are **DISMISSED WITHOUT PREJUDICE**. Should Danos re-file such claims, the Court expects that Danos and its counsel will scrupulously follow each and all of the Local Rules and the Federal Rules of Civil Procedure. Each Party is to bear its own taxable costs, expenses, and attorney's fees incurred herein to date. A Final Judgment concerning this and all other claims will be entered in due course.

**IT IS SO ORDERED**.

**DONE** this 1st day of August, 2005 at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge